**EXHIBIT A**
**COMPLAINT**

Electronically Filed
1/13/2021 11:42 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
TREVOR J. HATFIELD, ESQ
Nevada Bar No. 7373
HATFIELD & ASSOCIATES, LTD.
703 S. Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 388-4469
Facsimile: (702) 386-9825
Email: *thatfield@hatfieldlawassociates.com*

*Attorneys for Plaintiff*

CASE NO: A-21-827768-C
Department 1

### EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| ERIN ALLEN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>VOCATUS, LLC, a Nevada Limited Liability Company; SHAMOUN'S, LLC, a Nevada Limited Liability Company; and DOES and ROE entities I – X, inclusive,<br><br>Defendant. | CASE NO:<br>DEPT NO:<br><br>**COMPLAINT**<br><br>**[ARBITRATION EXEMPT: ACTION SEEKING DECLARATORY RELIEF]**<br><br>**JURY TRIAL DEMANDED** |

COME NOW, Plaintiff ERIN ALLEN, an individual (hereinafter "Plaintiff") by and through her attorney of record Trevor J. Hatfield, Esq. of the law firm of HATFIELD & ASSOCIATES, LTD, and who hereby files this Complaint against Defendants VOCATUS, LLC and SHAMOUN'S, LLC, (hereinafter "Defendant" collectively); and Defendants DOES and ROE entities I – X, inclusive and alleges the following:

### PARTIES AND JURISDICTION

1. At all relevant times, Plaintiff is a Nevada resident.

2. At all times mentioned herein, Defendant is or was a Nevada limited liability company. Defendant is company that owns six (6) liquor stores in the Las Vegas, Nevada area.

///

///

3. The true names and capacities of DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated as DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive are either responsible in some manner for the events and happenings referred to herein, and/or are liable to Plaintiff for the payment of damages owing to Plaintiff as set forth herein. Plaintiff will ask leave of this Court to amend this Complaint to assert the true names, characters and capacities of DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive, when the same have been ascertained and to join such Plaintiff in this action.

## GENERAL ALLEGATIONS

4. Plaintiff repeats and realleges every allegation contained in Paragraphs 1-3 as though fully set forth herein.

5. Plaintiff was employed by Defendant from March 2013 to October 2019. Her job title was Administrative Assistant/Bookkeeper. She was classified as an exempt employee by Defendant. An exempt employee is a term that refers to a category of employees set out in the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

6. Exempt employees do not receive overtime pay nor do they qualify for minimum wage per the FLSA. When an employee is "exempt" it primarily means that they do not receive overtime pay. Exempt employees are usually those in professional, administrative, executive, outside sales, and computer related jobs and duties. Exempt employees stand in contrast to non-exempt employees who do receive overtime pay. Plaintiff was misclassified either intentionally or unintentionally as an exempt employee by Defendant.

///

7. Plaintiff was not exempt because she was not an executive or managerial employee. Plaintiff's primary duty was the performance of office or non-manual work, but she was not an office manager, nor did she have any duties related to the management or general business operations of Defendant. None of Plaintiff's primary duties included the exercise of discretion and independent judgment with respect to matters of significance for Defendant, either.

8. Plaintiff worked over 40 hours per week and 8 hours per day, but Defendant failed to provide Plaintiff with all overtime compensation to which she was entitled for hours worked over 40 hours per week or 8 hours per day, as she was misclassified as exempt. Plaintiff also worked through meal breaks and on weekends in violation of the FLSA.

9. Plaintiff filed a complaint with the United States Department of Labor Wage and Hour Division (hereinafter "DOL"). On or about October 1, 2019, the owner/operator of Defendant, Mr. Rony Shamoun, verbally accosted Plaintiff about her complaint to DOL. Shortly thereafter, Plaintiff discovered that her permissions to Defendant's computer system had been altered or denied to Plaintiff. Plaintiff's employment was terminated by Defendant in early October 2019. Defendant's motivations for terminating Plaintiff was because she had made a wage and hour complaint to the DOL.

10. The DOL's investigation of Defendant determined that thirty (30) employees of Defendant were due $133,612.10. Defendant would not properly compensate Plaintiff, however. Plaintiff was compelled to bring this complaint.

///

///

///

///

## CLAIM FOR RELIEF

### I.

**(DECLARATORY RELIEF PURSUANT TO NEVADA RULE OF CIVIL PROCEDURE 57.)**

11. Plaintiff realleges and reincorporates each allegation set forth above.

12. There exists between the parties a justiciable controversy, regarding the rights and obligation of the parties under the FLSA or state statutes as set forth herein, above. A court of jurisdiction is empowered to determine the rights and liabilities of parties pursuant to statute, pursuant to NRS 30.010 *et seq.*, and pursuant to Nevada Rule of Civil Procedure 57.

13. The issues involved herein are ripe for judicial determination and Plaintiff seeks Declaratory Relief as well as compensatory damages and attorney's fees and costs in excess of $15,000.00.

## CLAIM FOR RELIEF

### II.

**(Violation of the FLSA – Failure to Pay Overtime Wages to Plaintiff)**

14. Plaintiff realleges and reincorporates each allegation set forth above.

15. This claim arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay Plaintiff overtime wages.

16. At all times material hereto, Plaintiff was employed by Defendant as an "employee" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1). Plaintiff was not compensated for time worked during her work shift.

17. Defendant has a policy, program or practice it implemented to fail or refuse to pay employees' time worked over forty (40) hours per week to avoid overtime. In truth, Plaintiff repeatedly worked more than forty hours per week. Defendant failed to keep accurate records of time non-exempt employees worked, in violation of 29 C.F.R. § 516.2 *et seq.*

18. At all times relevant, Plaintiff, was employed by Defendant in a non-exempt position and is entitled to 1.5 times her regularly rate in overtime wages for all hours worked over 8 hours per day and 40 hours in a week pursuant to 29 U.S.C. § 207.

19. Plaintiff was subject to a companywide policy that purposefully, or alternatively negligently, deprived her of overtime wages for years for un-clocked work or off-the-clock work performed that benefited Defendant. Upon information and belief, this practice of failing to pay employees and effectively forcing them to work off-the-clock is common practice of Defendant.

20. Defendant did not compensate Plaintiff and those similarly situated at a rate of 1.5 times her regular hourly rate of pay for all time worked in excess of 8 hours per day and 40 hours in individual workweeks, as required by the FLSA.

21. Defendant's refusal and failure to pay lawful wages, including overtime wages, to Plaintiff and those similarly situated for all time worked in excess of 40 hours per week violated 29 U.S.C. § 207. Per the FLSA, Plaintiff seeks all available damages including but not limited to wages, liquidated damages, attorneys' fees, punitive damages and costs.

## CLAIM FOR RELIEF

### III.

### (Retaliation in Violation of FLSA)

22. Plaintiff incorporates every allegation of this Complaint as if fully set forth herein.

23. The Fair labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, applied to Kane's employment with McGill at all times relevant.

24. 29 U.S.C. § 215(a)(3) prohibits employers from discharging or discriminating in any other manner against an employee for complaining about violations of FLSA;

25. Plaintiff engaged in protected activity under FLSA by complaining to DOL. Plaintiff's employment was terminated by Defendant for complaining to DOL. Per the FLSA,

Plaintiff seeks all available damages including but not limited to wages, liquidated damages, attorneys' fees, punitive damages and costs.

## CLAIM FOR RELIEF

### IV.

**(Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140, 608.016)**

26. Plaintiff realleges and reincorporates each allegation set forth above.

27. NRS 608.140 provides that an employee has a private right of action for unpaid wages and may be entitled to attorneys' fees as costs of suit: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." Counsel for Plaintiff sent a written demand for back wages and commissions owed to Plaintiff to Defendant's counsel, but Defendant refused to provide back wages and commissions owed to Plaintiff. More than five days' time has expired since Plaintiff's counsel has sent a written demand for back wages and commissions to Plaintiff. Defendant, in fact, did not respond to Plaintiff's demand for overtime wages.

28. NRS 608.016 states, "An employer shall pay to the employee wages for each hour the employee works." Hours worked means anytime the employer exercises "control or custody" over an employee. *See,* NRS 608.011 (defining an "employer" as "every person having control or custody ... of any employee."). Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including

time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

29. By failing to compensate Plaintiff, and those similarly situated for the time spent engaged in work activities described above, Defendant also failed to pay Plaintiff, and those similarly situated for all hours worked in violation of NRS 608.140 and 608.016.

30. Plaintiff, and those similarly situated should have received their regular rate of pay, or the minimum wage, whichever is higher, in a sum according to proof for the hours worked, but not compensated, during the Class Period. Defendant therefore owes Plaintiff, and those similarly situated overtime, as well as liquidated damages in an equal amount to the wages owed, and has failed and refused, and continues to fail and refuse, to pay Plaintiff, and those similarly situated the amounts owed.

31. Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations of NRS 608.140 and 608.016 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

32. Wherefore, Plaintiff demands that Defendant pay the regular hourly rate of pay for all hours worked for three years from the date of filing this complaint until the date of judgment in this action together with attorneys' fees, costs, and interest as provided by law.

## CLAIM FOR RELIEF

**(Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050)**

33. Plaintiff realleges and reincorporates each allegation set forth above.

34. NRS 608.140 provides that an employee has a private right of action for unpaid wages. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages

and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

35. NRS 608.040(1)(a-b), in relevant part, states that "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

36. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

37. By failing to pay Plaintiff all wages owed for all hours worked in violation of NRS 608.140, 608.016, and 608.018, Defendant has failed to timely remit all wages due and owing to Plaintiff.

38. Despite demand, Defendant willfully refuses and continues to refuse to pay Plaintiff all the wages that were due and owing upon the termination of her employment.

39. Because there is no express statute of limitations for violations of NRS 608.020-050 and NRS 608.140, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

///

///

///

///

40. Wherefore, Plaintiff, and those similarly situated, demand thirty (30) days wages under NRS 608.040 and NRS 608.140, and thirty (30) days wages under NRS 608.050 and NRS 608.140, together with attorneys' fees, costs, and interest as provided by law.

### FOURTH CLAIM FOR RELIEF

**(Wrongful Termination in Violation of Public Policy)**

41. Plaintiff realleges and reincorporates each allegation set forth above.

42. Plaintiff was engaging in conduct which public policy favors, in that she requested and investigation by DOL into her overtime wages that she believed that she had earned - which is either recognized by Nevada law as a favorable public policy or which, in good faith, Nevada law should recognize as a favorable public policy. Defendant terminated Plaintiff for requesting payment of her overtime wages.

43. Defendant wrongfully terminated Plaintiff in violation of public policy. Defendants knew or should have known that its termination of Plaintiff was wrongful and would cause Plaintiff damages, including emotional distress. Therefore, Defendant knew or should have known that Plaintiff's special and general damages were foreseeable and would cause Plaintiff emotional distress.

44. Additionally, the conduct of Defendant and its employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff for engaging in this protected activity and thus Plaintiff is entitled to punitive damages.

45. The harassment made toward Plaintiff was made and perpetrated with the specific motive to harass Plaintiff, and did, in fact, create a hostile, stressful, and intolerable work environment for Plaintiff.

46. As a result of Defendant's conduct as alleged herein, Plaintiff is entitled to her attorneys' fees and costs of suit.

## JURY DEMAND

Plaintiff hereby demands that this matter be tried by a jury. See, Nevada Rule of Civil Procedure 38.

**WHEREFORE**, Plaintiff seeks judgment against Defendant as follows:

1. An award to Plaintiff for compensatory damages in excess of $15,000.00 in an amount to be shown at trial for monetary damages subject to proof;

2. An award to Plaintiff for exemplary and/or punitive damages subject to proof;

3. An award to Plaintiff for reasonable attorney's fees and costs;

4. An award to Plaintiff of interest on any awards at the highest rate allowed by law; and

5. Such other and further equitable and declaratory relief as this Court deems just and appropriate.

DATED this 12th day of January 2020.

HATFIELD & ASSOCIATES, LTD.

/s/ Trevor J. Hatfield
By:_____
TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 007373
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*