# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Erin Allen,<br><br>          Plaintiff,<br><br>v.<br><br>Vocatus, LLC, et al.,<br><br>          Defendants. | Case No. 2:21-cv-00377-APG-DJA<br><br>**Order** |

Before the Court is Trevor Hatfield's motion to withdraw. (ECF No. 38). Hatfield is counsel for Plaintiff. Defendants Vocatus, LLC and Shamoun's, LLC respond and argue that, while they do not oppose Hatfield's withdrawal, they oppose his request that Plaintiff have sixty days to retain new counsel or inform the Court she will be proceeding *pro se*. (ECF No. 40). Defendants explain that Plaintiff has not yet responded to their motion for summary judgment but has filed a motion to extend the time for her response, which motion Defendants have opposed. (*Id.*). Because the sixty-day timeframe for Plaintiff to find counsel or inform the Court that she will be proceeding *pro se* "necessarily extends her already untimely response to Defendants' pending Motion for Summary Judgment," Defendants oppose this request. (*Id.*).

Under Local Rule IA 11-6(b), "[i]f an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel." LR IA 11-6(b). Under Local Rule IA 11-6(e), "[e]xcept for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case." LR IA 11-6(e). "Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing." *Id.* In all cases, the Court may order the parties to meet and confer to discuss matters the Court deems appropriate. LR 16-1(d).

The Court denies Hatfield's motion without prejudice. There are two pending motions in this case for which Hatfield's withdrawal could cause delay. Plaintiff has yet to file her response to Defendant's motion for summary judgment. Plaintiff also has yet to file her reply in support of her motion to extend the time for her to respond to Defendant's motion for summary judgment. Considering this pending response and reply, Hatfield's withdrawal is likely to cause delay. But Hatfield does not request specific relief from these scheduled deadlines. Nor does the motion demonstrate good cause for the withdrawal despite them.

**IT IS THEREFORE ORDERED** that Hatfield's motion to withdraw (ECF No. 38) is **denied without prejudice.** To the extent Hatfield wishes to file a corrected motion, he must do so on or before **June 17, 2022**.

**IT IS FURTHER ORDERED** that the parties are directed to meet and confer about the amount of time Plaintiff should have to retain new counsel or inform the Court that she will be proceeding *pro se*. Hatfield is directed to include a declaration outlining the parties' meet-and-confer efforts, along with details about the time, place, manner, participants, and the outcome of the meet and confer in any corrected motion to withdraw. *See* LR IA 1-3(f)(2).

DATED: June 3, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE